## NATHANIEL HOBART *versus* EBENEZER T. ANDREWS.

A bill in equity set forth, that the defendant had received of C. certain promissory notes to secure him against loss in consequence of his having indorsed for C., and that C. having become insolvent, assigned all his property in trust for his creditors to certain assignees, who, in order to close the assignment, subsequently assigned to the plaintiff; and it prayed, that an account might be taken, and that the defendant might be held to pay over what should be found due from him and deliver up the security. It was *held*, that it was not necessary that the original assignees should be parties to the bill, they having no interest in the suit ; that C. should be made a party, because he would be liable to the defendant, if the collateral security held by the defendant should be insufficient ; and that the bill was sustainable, as being founded on a trust, and because the account could not be properly adjusted in an action of assumpsit, without a discovery.

In the same case, it was *held*, that certain accounts rendered by the defendant, and settled, could not be opened, unless the errors sought to be corrected were specified in the bill ; that it must be averred in the stating part of the bill, that a balance was due to the plaintiff ; that it should also be averred, that the securities lodged with the defendant, had been demanded of him ; that if the assignment to the plaintiff was in writing and conditional, the condition should be set forth in the

bill; and that if the bill averred, that the assignment was absolute, and it appeared, at the hearing, that there was a condition, the performance of which the plaintiff was bound to show, the defendant might then take advantage of the variance.

THIS was a bill in equity, setting forth, that in 1829, T. H. Carter applied to the defendant to aid him in procuring money to carry on his business, and that it was agreed between the defendant and Carter, that the defendant should indorse Carter's paper, and that he should be secured against any loss in consequence thereof, and should receive at the rate of one quarter of one per cent a month on the paper so indorsed by him ; that the defendant did, accordingly, from time to time, indorse Carter's paper, and received large sums of money, as commissions for the use of his name ; that subsequently, Carter having become embarrassed in his affairs, the defendant, without consulting him, began to charge higher commissions for indorsing, which Carter, in order to prevent difficulty in his business, allowed ; that on November 23, 1833, a large account was settled between them, in which the defendant charged commissions for indorsing at the rate of six per cent per annum, instead of the rate first agreed upon, which charges were allowed ; that in 1834 another account was made out by the defendant, in which large sums were charged by him for commissions, at the rate of six per cent per annum ; that in this account there was a charge of $ 120 for indorsing a note for the sum of $ 2000, payable in six months, which the bill charged to have been allowed through mistake, the defendant, at that time, claiming only at the rate of six per cent per annum ; and that on April 10, 1834, another account was settled between them in which the defendant was allowed six per cent per annum for his commissions.

The bill further set forth, that in April, 1834, the defendant proposed to Carter to lend him the sum of $ 2000, and receive, as security for such loan, certain notes for the sum of $ 4000 or $ 5000, held by Carter, which notes were secured by a mortgage of personal property ; that in making this advance, the only object was to obtain further security for liabilities previously assumed ; and that, in an account which the defendant had recently exhibited and claimed to have allowed, he had charged the sum of $ 120 for advancing this money.

The bill then set forth, that in June, 1834, Carter failed and assigned all his property to David L. Child and R. B. Carter, in trust for his creditors; that at the time of the assignment, the defendant held a large number of promissory notes, as collateral security, and promised to account therefor and to pay over the balance, after satisfying himself for wl at was actually due to him from Carter; and that in April, 1837, the defendant rendered to Carter's assignees an account, in which were several unjust charges.

The bill further set forth, that after this account was rendered, Child and R. B. Carter, in order to close the assignment, for a valuable consideration, assigned to the plaintiff all the claims against the defendant, together with the property remaining in their hands, and gave him full power to collect any sum that might be due from the defendant; that after such assignment, the plaintiff requested the defendant to make out a true account and pay over to the plaintiff such sum as should be found due to him; and that the plaintiff hoped, that the defendant would have complied with this request; but that he had refused so to do, and pretended that he had made out a true account.

The bill then charged, that the account made out by the defendant was unjust and oppressive; that on a just settlement, there would be a large sum due to the plaintiff; and that the defendant was trustee of such securities and of the money in his hands, for the plaintiff, and was liable to account therefor.

The bill thereupon prayed, that the several accounts which had been settled might be opened, and that the defendant might be held to render an account under the direction of the Court, and to pay over what was due to the plaintiff and deliver up the securities. The bill also prayed for general relief.

The defendant demurred.

*March 14th.*    *Rand* and *Fiske*, for the defendant. T. H. Carter should have been made a party to the bill, either as defendant or plaintiff, for he has a legal interest; and so long as the legal title is in him, a decree in this suit will not be a bar to an action at law by him. As to R. B. Carter and Child, it may not be necessary to join them, because they had only an equitable interest, which they have assigned to the plaintiff. Daniel on Eq. Pr. 284 to 288, 291 *et seq.*; Calvert on Parties, 240,

Hobart
*v.*
Andrews.

241 ; *Brace* v. *Harrington,* 2 Atk. 235 ; *Ray* v. *Fenwick,* 3 Bro. Ch. R. 25 ; *Cathcart* v. *Lewis,* 1 Ves. jr. 463 ; *Walburn* v. *Ingilby,* 1 Mylne & Keen, 61 ; *Jackson* v. *Benson,* M'Cleland, 62 ; *Ryan* v. *Anderson,* 3 Madd. R. 174 ; *Hyde* v. *White,* 5 Simons, 524 ; Mitf. Eq. Pl. (Jeremy's ed.) 179 ; *Attorney- General* v. *Merchant Tailor's Co.* 1 Mylne & Keen, 189 ; *Miller* v *Bear,* 3 Paige's Ch. R. 468.

The grounds of relief should be set out in the *stating* part of the bill. It is not sufficient, that they are contained in the *charging* part. 1 Daniel on Eq. Pr. 465 ; 2 Madd. Ch. Pr. (3d London ed.) 208 ; *Flint* v. *Field,* 2 Anstr. 543 ; Story on Eq. Pl. § 32. Now in the stating part of the present bill, it is alleged, that the defendant rendered an account ; but there is no allegation, in that part of the bill, that any balance was due from him. In the charging part of the bill, it is not stated specifically, wherein the accounts were erroneous, nor that the securities in the defendant's hands, were ever demanded of him. 1 Daniel on Eq. Pr. 480, 481, (cites 2 Bro. Ch. R. 310 ; 1 Cox, 435 ; 3 Bro. Ch. R. 266 ; 1 Atk. 1.)

The plaintiff's title is not stated with sufficient precision. No part of the assignment of Carter is set out, and it does not appear that his assignees had authority to make the transfer to the plaintiff. *Walburn* v. *Ingilby,* 1 Mylne & Keen, 77.

There would seem to be nothing to prevent the plaintiff from proceeding at law.

*T. P. Chandler,* for the plaintiff.

This is a case of trust, and therefore the Court is vested with complete jurisdiction in equity over it. Revised Stat. *c.* 81, § 8 ; *Moses* v. *Murgatroyd,* 1 Johns. Ch. R. 119 ; *Safford* v. *Rantoul,* 12 Pick. 233 ; *Wood* v. *Dummer,* 3 Mason, 308. It is also within the equity jurisdiction of the Court, as being a matter of account. Revised Stat. *c.* 118, § 43 ; *Carlisle* v. *Wilson,* 13 Ves. 278 ; *Ludlow* v. *Simond,* 2 Caines's Cas. 1, 39, 53 ; *Pendleton* v. *Wambersie,* 4 Cranch, 73 ; *Ryal* v. *Roberts,* Barnardiston, 38 ; *Gordon* v. *Lewis,* 2 Sumner, 143 : Com. Dig. *Chancery,* 2 *A* ; *O'Connor* v. *Spaight,* 1 Sch. & Lefr. 305 ; *Post* v. *Kimberly,* 9 Johns. R. 470, 505 ; *Courteney* v. *Godschall,* 9 Ves. 473 ; 1 Story on Eq. § 442 *et seq.* It is said, that there would be no difficulty in the

plaintiff's proceeding at law. But it is sufficient to give the Court jurisdiction in equity over the case, that it can more conveniently and properly be adjusted by bill than by action at law. If the plaintiff proceeded at law, he would be obliged to bring trover, for the securities, and assumpsit, for the money collected by the defendant ; and he would besides be obliged to bring a bill of discovery, in order to ascertain what securities the defendant had in his possession and the amount of money which he had received.

It is said, that T. H. Carter should have been made a party to the bill. But he assigned absolutely all his title, as well legal as equitable, to R. B. Carter and Child ; and it is not necessary in such case, that the assignor should be made a party, because he may be used as a witness. *Trecothick* v. *Austin*, 4 Mason, 16 ; *Whitney* v. *M'Kinney*, 7 Johns. Ch. R. 144 ; *Gordon* v. *Lewis*, 2 Sumner, 143 ; *Pendleton* v. *Wambersie*, 4 Cranch, 73 ; *Miller* v. *Bear*, 3 Paige's Ch. R 466 ; *Ensign* v. *Kellogg*, 4 Pick. 1 ; *Ward* v. *Lewis*, 4 Pick. 518 ; *Ball* v. *Carew*, 13 Pick. 32 ; Story on Eq. Pl. § 153 ; *M'Cartney* v. *Graham*, 2 Simons, 285 ; *Lenox* v. *Roberts*. 2 Wheaton, 373.

*March 18th.*    WILDE J. delivered the opinion of the Court. The plaintiff's title or right of action is derived under several assignments from one T. H. Carter. The bill states, that, in the year 1829, it was agreed by the defendant and Carter, that the former should indorse the paper of the latter for the purpose of raising funds ; that, in pursuance of such agreement, the defendant did, from time to time, indorse Carter's paper ; that in 1834, Carter became much embarrassed, and that, thereupon, the defendant proposed to lend him $2000 and to take, as security, certain notes of hand secured by mortgage, for $4000 or $5000 ; that these notes and other securities were transferred to the defendant, he promising to account therefor, and to pay over the balance, after satisfying himself for his claims on Carter ; that after these dealings Carter failed and assigned all his property and demands to David L. Child and R. B. Carter in trust for his creditors ; that, afterwards, the assignees, for the purpose of closing the assignment, for a valuable consideration, assigned all the remaining property in their

nands and their claims on the defendant, to the plaintiff; and that after the assignment to the plaintiff, he requested the defendant to make out a true account and to pay the plaintiff such sum as might be found due, which the defendant refused to do. The bill charges, that on a just settlement there would be a large sum due to the plaintiff. The prayer is, that the defendant may be held to render an account under the direction of the Court, that accounts which had been settled may be opened, and that the defendant may pay over what is due to the plaintiff and deliver up securities.

The defendant demurs to the bill, and relies on several objections in support of the demurrer.

The first objection is, that T. H. Carter, David L. Child and R. B. Carter should have been made parties. In the argument of the cause, however, the defendant's counsel did not rely on the objection in respect to David L. Child and R. B. Carter; and it is very clear that it was not necessary, nor would it have been proper, to have made them parties to a suit in which they have no interest. They never had any legal title or right to sue the claims assigned to them by T. H. Carter; and their equitable right has been assigned to the plaintiff; so that no decree in this case can affect them.

But the defendant's counsel insist, that T. H. Carter, having the legal right to sue the defendant on the demands assigned, should have been made a party, either as plaintiff or defendant, to prevent future litigation. This question does not seem to be well settled. The decision in the cases cited are conflicting, and are not easily to be reconciled. The rule laid down in 1 Daniel on Equity Practice, 291, is, " that where the subject matter in litigation, is a *chose in action* which has been the subject of assignment, the assignor, or, if dead, his personal representative, should be a party; for as an assignment of a *chose in action* is not recognised in a court of law, and is only considered good in equity, the recovery in equity by the assignee would be no answer to an action at law by the assignor, in whom the legal right to sue still remains, and who might exercise it to the prejudice of the party liable; in which case the party liable would be driven to the circuitous process of filing another bill against the assignor for the purpose of restraining

his proceedings." This rule is not conformable to the doctrine laid down by Lord *Hardwicke*, in the case of *Brace* v. *Harrington*, 2 Atk. 235. He says, "it is not necessary in every case of assignment, where all the equitable interest is assigned over, to make a person who has the legal interest a party." Prec. Ch. 275. So in *Blake* v. *Jones*, 3 Anstr. 651, the court say, that the bill was well enough without making the representative of the assignor a party.

But in the modern English decisions the rule is laid down substantially as stated by Daniel. The principal reason of the rule is not fully applicable to the law as understood in this Commonwealth ; for here we do take notice of an equitable assignment, and payment by the defendant, of the amount due on the account to the plaintiff, and the delivery over of the notes or other property in his hands, would undoubtedly be a good bar to any action at law in the name of the assignor, whether the payment and the delivery over of the property, were in pursuance of a decree of a court of equity or not.

If, however, the plaintiff should fail to recover in this suit, it might be doubtful whether a decree in the defendant's favor could be pleaded in bar to an action at law.

The question then is, whether the English doctrine is to be adopted here, supposing it to be as laid down by Daniel, and in the cases cited in support of it. The doctrine is denied by Judge *Story*, in his *Commentaries on Equity Pleadings*, and in the case of *Trecothick* v. *Austin*, 4 Mason, 41. The true principle would seem to be, as he says in his Commentaries, "that, in all cases, where the assignment is absolute and unconditional, leaving no equitable interest whatever in the assignor, and the extent and validity of the assignment is not doubted or denied, and there is no remaining liability in the assignor to be affected by the decree, it is not necessary to make the latter a party." Story on Eq. Pl. 148.

Without deciding, at present, between these conflicting authorities, we are of opinion, that in the present case the assignor ought to be made a party, because it appears by the bill, that his liability to the defendant may be affected by the decree. The notes and other property transferred to him by T. H. Carter, were transferred as collateral security, and

consequently if they should be found to be insufficient to satisfy the defendant's claims, Carter would be liable to him for the balance. In which case he ought to be a party, so as to be bound by the decree as to the amount of the avails of the notes and property transferred as collateral security.

The next objection to be considered is, that the plaintiff has an effectual and convenient remedy at law. This objection, we think, clearly cannot be sustained. By the Revised Stat. *c.* 118, § 43, the action of account is abolished ; and it is provided, that when the nature of an account is such, that it cannot be conveniently and properly adjusted and settled in an action of assumpsit, it may be done upon a bill in equity. The defendant is charged as trustee ; and if the trust should be established, the plaintiff will be entitled to a discovery, without the benefit of which we cannot say that the account could be properly adjusted in an action of assumpsit. And independently of the above provision of the Revised Statutes, we cannot doubt that this bill may be sustained as founded on a trust, for a case rarely occurs where a party has a plain, adequate and complete remedy at law for a breach of trust ; especially where a party is entitled to a discovery.

The remaining objections relate to the supposed insufficiency of the bill. It is objected, that the prayer of the bill, among other things, is, that certain accounts which had been settled may be opened, and a true and just account taken, without specifying the particular errors which are sought to be corrected. As to one of these accounts it is stated, that the sum of $ 120 was charged for indorsing a note for $ 2000, payable in six months, equal to twelve per cent per annum, which was allowed by mistake, the defendant claiming only six per cent at the time. This mistake and error is sufficiently certain ; and as to the other accounts settled, it is said by the plaintiff's counsel, that he does not seek to open them ; and without a specification of errors he will not be permitted to prove them at the hearing. This objection, therefore, is not material.

Then it was objected, that the plaintiff does not aver in the stating part of the bill, that any balance is due to him, and therefore admitting the case stated, the plaintiff is not entitled to the relief prayed for. The general rule is, that the plain-

Hobart
*v.*
Andrews.

tiff's equity should appear in the stating part of the bill ; and this being the settled form of pleading, there can be no reason given why it should not be observed.

Another objection is, that the bill does not state, that the securities were ever demanded, and strictly this ought to be averred.

The only remaining objection is, that the plaintiff's title is not set out with sufficient certainty. It is averred, that, for a valuable consideration, the claims of T. H. Carter on the defendant, and the property in his hands as collateral security, were assigned to the plaintiff. The objection is, that it is not stated in what manner the assignment was made. The rule as to this matter is, that where the nature of the conveyance is such that it would be valid without deed or writing, there no deed or writing need be averred. Thus a conveyance with livery of seisin may be pleaded without alleging any charter of feoffment, whether such instrument in fact accompanied the conveyance or not ; as at common law such a conveyance might have been made by parol. So, it is not necessary to aver, that an agreement within the statute of frauds was in writing. 1 Daniel on Equity Pr. 473. If the assignment, however, was in writing, and was conditional, the condition should be set forth, as was determined in the case of *Walburn* v. *Ingilby*, 1 Mylne & Keen, 77. But the assignment is averred to be absolute, and if it should appear, at the hearing, that there was a condition, the performance of which the plaintiff would be bound to show, the variance may be then taken advantage of.

*Demurrer allowed.*